IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CORIOLISS, LTD., et al.,

   Plaintiffs,

     v.

CORIOLISS USA, INC.,
a Georgia Corporation, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-2968-TWT

ORDER

This is an unfair competition case. It is before the Court on the Defendants' Motion to Dismiss [Doc. 24]. For the reasons set forth below, the Defendants' Motion is DENIED.

I. Background

Corioliss, Ltd. makes hair styling products such as flat irons and hair dryers. (Compl. ¶ 10.) Corioliss, Ltd. markets its products under the trademark name CORIOLISS, which it says "has become distinctive and famous in the United States and around the world for high-end professional hair styling products." (Id. ¶ 16.) Corioliss, Ltd. is a British corporation. (Id. ¶ 5.) For the United States market, Corioliss, Ltd. sells its products to distributors in the United States, who then resell

to consumers and retailers. (Id. ¶ 18.) Corioliss, Ltd. also formed ASIA Aktiengesellschaft to deal directly with the United States distributors of Corioliss products. (Id. ¶ 6.) ASIA is a Liechensteinian corporation. (Id. ¶ 6.) One of Corioliss, Ltd.'s distributors was Corioliss USA, Inc. (Id. ¶ 19.) In spring 2005, Corioliss, Ltd. granted Corioliss USA and Erez Maman, the president of Corioliss USA, the right to market and distribute Corioloss products throughout the United States, Canada, and Puerto Rico. (Id. ¶ 29.) Corioliss USA is a Georgia corporation, and Maman is a Georgia resident. (Id. ¶¶ 7, 9.) To help with start-up costs, Corioliss, Ltd. and ASIA provided Corioliss USA and Maman with funding and made products available on credit of up to $1 million. (Id. ¶ 20.) From 2005 to 2008, Corioliss USA did substantial business, including sales of approximately $7 million per year. (Memorandum of Law in Supp. of Defs.' Mot. to Dismiss, at 2.)

During that same time, however, a number of problems developed between Corioliss, Ltd., Corioliss USA, and Erez Maman. First, Corioliss, Ltd. says that, as of December 2007, Corioliss USA owed Corioliss, Ltd. and ASIA over $500,000 for products purchased on credit. (Compl. ¶ 21.) Second, Corioliss, Ltd. says that Maman formed Cortex USA, Ltd. to make hair styling products that would compete with Corioliss products. (Id. ¶ 22.) Corioliss, Ltd. says that Cortex products were designed to look like Corioliss products and Maman used Corioliss, Ltd.'s customer

list to pass off Cortex products onto Corioliss customers. (Id. ¶¶ 23-26.) Cortex is a Georgia corporation. (Id. ¶ 8.) Third, Corioliss, Ltd. says that, when advertising Corioliss products on eBay, Maman and Cortex falsely stated that they are "the only authorized distributors of [Corioliss] product[s] in U.S.A." and "if you buy from another seller . . . the warranty will not be honored." (Id. ¶ 33.)

Because of these problems, Corioliss, Ltd. and ASIA filed this case against Corioliss USA, Erez Maman, and Cortex in the United States District Court for the Southern District of Florida. On the Defendants' Motion to Dismiss or, in the Alternative, for Change of Venue, the District Court for the Southern District of Florida transferred the case to this Court. In their Complaint, the Plaintiffs assert federal and Florida law claims for unfair competition and trademark infringement, and common law claims for open account, goods sold, and unjust enrichment. The Defendants now move to dismiss all of the Plaintiffs' claims. The Defendants say that Corioliss, Ltd.'s claims should have been asserted as compulsory counterclaims in Corioliss USA, Inc. v. Ben David, No. 2008CV148163 (Ga. Super. Ct. 2008), a previously filed and still pending Georgia case in which Corioliss USA is a plaintiff and Corioliss, Ltd. is a defendant. The Defendants also say that ASIA does not have constitutional standing to assert any claims because it has not suffered an injury in fact.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

III. Discussion

A.   Corioliss, Ltd.'s Claims

A party cannot assert a claim that should have been asserted as a compulsory counterclaim in an earlier case. Where the earlier case is in state court, that state's law determines whether a later claim should have been asserted as a compulsory counterclaim. See Cleckner v. Republic Van and Storage Co., 556 F.2d 766, 768-69 (5th Cir. 1977).[1] Georgia law provides that a claim is a compulsory counterclaim "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." O.C.G.A. § 9-11-13. Claims arise out of the same transaction or occurrence "when the same operative facts serve as the basis of both claims." Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985) (internal quotation marks omitted); see Aycock v. Calk, 228 Ga. App. 172, 174 (1997). The reason for the compulsory counterclaim rule is to avoid "duplication of effort and time by the parties and the courts." Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir. 1970).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

The Defendants say that Corioliss, Ltd.'s claims in this case should have been asserted as compulsory counterclaims in Ben David, a previously filed and still pending Georgia case in which Corioliss USA is a plaintiff and Corioliss, Ltd. is a defendant. In Ben David, Corioliss USA alleges that two of its former employees wrote and deposited unauthorized checks, stole its customer list and some of its merchandise, and fraudulently diverted payments from customers. (Defs.' Mot. to Dismiss, Ex. A.) Corioliss USA asserts a number of common law claims against the former employees, including claims for theft, conversion, misappropriation of trade secrets, and computer trespass. (Id.) Corioliss USA also alleges that Corioliss, Ltd. conspired with the former employees to engage in these tortious acts. (Id.) Corioliss USA asserts common law claims for civil conspiracy and interference with business relations against Corioliss, Ltd. (Id.)

Because Corioliss, Ltd.'s claims in this case do not arise out of the same transaction or occurrence as Corioliss USA's claims in Ben David, Corioliss, Ltd.'s claims are not compulsory counterclaims that should have been asserted in Ben David. Corioliss, Ltd.'s claims in this case arise out of the actions of Erez Maman to establish Cortex as a competitor to Corioliss, Ltd., while Corioliss USA's claims in Ben David arise out of alleged theft by two of its former employees. The same operative facts do not serve as the basis of both cases. See Weitzman, LLC v. Micro Computer

Resources, Inc., No. 06-60237-CV, 2007 WL 744649, at *4 (S.D. Fla. March 06, 2007). And because of that, litigating the claims in separate trials would involve little or no duplication. The Defendants try to characterize the claims as arising out of the same transaction or occurrence, but their arguments rely on unhelpful generalizations. For example, the Defendants say that Corioliss, Ltd., "like Corioliss USA in [Ben David], also alleges misuse of its customer list." (Memorandum of Law in Supp. of Defs.' Mot. to Dismiss, at 7.) But the two cases involve different misuses of a customer list. This case involves Maman using Corioliss, Ltd.'s customer list to pass off Cortex products onto Corioliss customers, while Ben David involves former employees using Corioliss USA's customer list to fraudulently divert payments. Therefore, the Defendants are not entitled to dismissal of Corioliss, Ltd.'s claims.

B. ASIA's Claims

Federal courts can only adjudicate "cases" and "controversies." U.S. Const. art. III, § 2. One aspect of a case or controversy is standing. "A party seeking to invoke federal jurisdiction must demonstrate: 1) an injury in fact or an invasion of a legally protected interest; 2) a direct causal relationship between the injury and the challenged action; and 3) a likelihood of redressability." Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004).

The Defendants say that ASIA does not have constitutional standing to assert any claims because it has not suffered an injury in fact. But the Plaintiffs have alleged that ASIA suffered an injury in fact. The Plaintiffs say that, as of December 2007, the Defendants owed them over $500,000 for products purchased on credit. (Id. ¶ 21.) It is fair to assume that some of that money is owed specifically to ASIA because the Plaintiffs say that both Corioliss, Ltd. and ASIA provided funding and made products available on credit to the Defendants. (Id. ¶ 20.) Whatever amount is owed to ASIA is an injury in fact and gives ASIA constitutional standing to assert claims for open account, goods sold, and unjust enrichment. The Plaintiffs also say that the Defendants "have led customers to believe that Defendants' Cortex products are made by [the Plaintiffs]" and "have damaged the good will and reputation of Corioliss, Ltd. and ASIA." (Id. ¶¶ 27, 29.) Damage to the good will and reputation of ASIA is an injury in fact and gives ASIA constitutional standing to assert claims for unfair competition and trademark infringement. See Trump Plaza of Palm Beaches Condo. Ass'n, Inc. v. Rosenthal, No. 08-80408-CIV, 2009 WL 1812743, at *4 (S.D. Fla. June 24, 2009). The Defendants say that Corioliss, Ltd., not ASIA, owns the trademark name CORIOLISS. But, in this case, ownership of a trademark is not a prerequisite to injury in fact. Because ASIA's entire business is the United States market for Corioliss products, its good will and reputation is uniquely affected by the dilution

and infringement of the trademark name CORIOLISS. Therefore, the Defendants are not entitled to dismissal of ASIA's claims.[2]

## IV. Conclusion

For the reasons set forth above, the Defendants' Motion to Dismiss [Doc. 24] is DENIED.

SO ORDERED, this 25 day of August, 2009.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[2] Whether ASIA has prudential standing to assert all of its claims, however, is a different question, and the answer is not clear. See Phoenix of Broward, Inc. v. McDonald's Corp., 489 F.3d 1156, 1162 (11th Cir. 2007); Trump Plaza, 2009 WL 1812743, at *4.